IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA :

VS. : CRIMINAL NO. 11-00120-KD-C

JASON PAUL DAVIS :

ORDER

A change of plea hearing was held in this action on August 11, 2011, pursuant to defendant's request presented during the Pretrial Conference held on July 12, 2011. (Doc. 15). The hearing was originally set for July 14, 2011 before United States District Judge Kristi DuBose. (*Id.*) It was rescheduled for July 27, 2011 and then August 11, 2011 at the request of the parties. (Docs. 16 & 18). Those participating in the conference were:

    Sean Costello for Adam Overstreet
    ASSISTANT UNITED STATES ATTORNEY

    Jason Paul Davis
    DEFENDANT

    Paul Brown
    COUNSEL FOR DEFENDANT

Mr. Davis and Mr. Brown conferred during the hearing and advised the undersigned that Mr. Davis would not be entering a guilty plea but wished to stand on his not guilty plea and proceed to trial. Accordingly, it is ORDERED that this case is scheduled for trial during the September, 2011 criminal term, commencing on the day of jury selection, which is scheduled for August 29, 2011. The parties estimate the trial to consume a half day(s) for the Government and a half day(s) for the defendant; total trial time is estimated to consume one day(s), exclusive of time required for jury selection.

The actions taken by the Court after being notified that Mr. Davis would not change his plea was to inquire of counsel if there was any reason why this action could not be tried in the September 2011 criminal term and was informed that there are none. The following information was presented by counsel during this brief hearing:

1. There are no pending motions**.**

2. The parties were able to informally resolve all pretrial matters pending before the Magistrate Judge, except for: None

3. The parties have or will attempt to stipulate to the following information: None.

4. The parties have identified the following issue(s) that may be disputed should a sentencing hearing become necessary: None.

5. Counsel identified their conflicts during the September, 2011, term as follows:

AUSA: None.

DEFENSE: None.

6. The parties were advised that juror questionnaires would be available for inspection on Thursday, **August 25, 2011, after 2:00 p.m.**, in Room 138, United States Courthouse, Mobile, Alabama. **Counsel's failure to review these questionnaires shall be deemed a waiver of the opportunity to ask the same questions during voir dire.**

7. Any proposed *voir dire* questions are to be filed by **August 25, 2011.**

8. The parties orally consented to have the jury selection process conducted by a magistrate judge, pursuant to 28 U.S.C. § 636(b)(3). They were advised that the practice of this Court is to obtain written consent, and were therefore instructed to complete and file the consent form not later than

**July 25, 2011**.  The parties also waived their opportunity to have any adverse rulings made by a magistrate judge during jury selection reviewed by a district judge.  See *Peretz v. United States*, 501 U.S. 923, 111 S.Ct. 2661, 2670-71, 115 L.Ed.2d 808 (1991)(Supreme Court suggests that a *de novo* review of a magistrate judge's rulings by a district judge is available upon request of the parties.)  Instead, they have opted to appeal said rulings, if necessary, directly to the Eleventh Circuit Court of Appeals.

DONE and ORDERED this 11th day of August, 2011.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE